STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. RICHARD E. CARLSON, RESPONDENT.

702 N.W.2d 791

Filed July 29, 2005.   No. S-05-766.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Richard E. Carlson, was admitted to the practice of law in the State of Nebraska on May 12, 1967. On April 27, 2005, the U.S. Attorney for the District of Nebraska filed an information (Information) in the U.S. District Court for the District of Nebraska, *United States of America v. Richard E. Carlson,* Case 4:05CR3056," charging respondent with one count of violating 18 U.S.C. § 1344 (2000) (violation of banking laws of United States), a felony. In summary, the Information charged respondent with devising a scheme to defraud two banks by obtaining funds by false and fraudulent pretenses. On April 27, respondent offered to plead guilty and filed a "Petition to Enter a Plea of Guilty" in the U.S. District Court for the District of Nebraska.

## FACTS

On June 21, 2005, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent stated that he "freely, knowingly and voluntarily admit[ted] that the allegations made against [him] in the Information are true and that [his] conduct as alleged in the Information constitute[d] violations of [his] oath of office as an attorney . . . and [Canon 1,] DR 1-102(A)(1), (3) and (4) of the Code of Professional Responsibility." In addition to surrendering his license, respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law, stated in writing that he knowingly admits the truth of the suggested disciplinary allegations against him, and waived all proceedings against him in connection therewith. We further find that for purposes of this voluntary surrender, respondent has admitted the allegations against him in the Information, which, in summary, allege that respondent devised a scheme to defraud two banks by obtaining funds by false and fraudulent pretenses, that respondent has admitted that he violated Canon 1, DR 1-102(A)(1), (3), and (4), and his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997), and that respondent has consented to the entry of an order of disbarment. We further find that respondent has admitted to facts which facts are not consistent with adherence to the Code of Professional Responsibility or his oath of office as an attorney.

## CONCLUSION

Upon due consideration of the voluntary surrender in this matter, the court finds, for purposes of this voluntary surrender, that respondent knowingly has admitted the suggested disciplinary allegations and the allegations in the Information filed against him and that his admissions are knowingly made. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23 (rev. 2001).

JUDGMENT OF DISBARMENT.

MILLER-LERMAN, J., not participating.